UNITED STATES v. KNAUTH, NACHOD & KUHNE.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

No. 190 (4,231).

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—STEEL GASHOLDERS—"TUBES."

Steel cylinders, severally 19 feet in length and 4 feet in diameter and 35 feet in length and 8 feet in diameter, used as storage tanks for illuminating gas, are "tubes finished," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 152, 30 Stat. 163 (U. S. Comp. St. 1901, p. 1641).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

There was no written opinion below. The Circuit Court reversed a decision by the Board of United States General Appraisers (G. A. 6,345; T. D. 27,295). which had affirmed the assessment of duty by the collector of customs at the port of New York. The facts of the case and the nature of the issue appear from the following extract from the opinion filed by the Board of General Appraisers:

"FISCHER, General Appraiser. The merchandise involved in these two protests is described on the respective invoices as 'steel cylinders.' Duty was assessed thereon at the rate of 45 per cent. ad valorem, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645); and the importers now claim that the articles are 'tubes,' properly dutiable at 35 per cent. under paragraph 152 of said act (30 Stat. 163 [U. S. Comp. St. 1901, p. 1641]), which reads as follows: '152. Lap welded, butt welded, seamed, or jointed iron or steel boiler tubes, pipes, flues, or stays, not thinner than number sixteen wire gauge, two cents per pound; welded cylindrical furnaces, made from plate metal, two and one-half cents per pound; all other iron or steel tubes, finished, not specially provided for in this act. thirty-five per centum ad valorem.'

"Protest 183,638 sets up some alternative claims, which were not pressed at the hearing, and which will not be referred to further. * * * Such articles have never to our knowledge been passed on by the court, and we regard the suggestion that the decision in the Downing Case, 105 Fed. 1003, 44 C. C. A. 686, should be stretched so as to apply to these cylinders, tanks, or reservoirs, as they have been variously termed, as unreasonable, and the arguments advanced in support of such suggestion as lacking in logical force. This is plain, in our opinion, from a mere description of the goods. The importations comprise severally one cylinder, 35 feet in length and 8 feet in diameter, and six cylinders, each 19 feet in length and 4 feet in diameter. Both classes of cylinders are necked at one end, * * * but in the butt end of the larger cylinder is a manhole into which a valve is fitted with screw bolts. Into the corresponding end of the other cylinders a three-fourth inch square-head plug is screwed.

"No testimony was offered by the importers, except that they produced a storekeeper in the employ of the Safety Car Heating & Lighting Company, the ultimate consignees of the merchandise, who identified the sample in the appraiser's warehouse, described the appearance and use of the cylinders, and submitted a sketch of the large tank, which was admitted in evidence. It appears from this that the articles are used for storing illuminating gas at high pressure, being kept at railway terminals for the purpose of replenishing therefrom the small cylinders attached to the bottoms of passenger coaches, which carry the supply of gas used in the illumination of the cars. This witness knew nothing of the manufacture of the articles; but we gather from the testimony * * * that they are made from plates rolled into a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cylindrical form and welded in a longitudinal seam. The heads are then stamped and welded in a circumferential seam.

"We know of no authority, judicial, lexicographical, or commercial, in support of the proposition that these enormous tanks, reservoirs, cylinders, or gasholders, as they were variously termed, are dutiable properly under such a provision as paragraph 152, and not an atom of evidence was introduced by the importers' counsel to that effect. Throughout the examination of importers' witness, counsel for the importers never once referred to the articles in dispute as tubes, but always as tanks or reservoirs, as did also the witness. It is noted, also, in this case, as in the prior one, that the bill of lading, entry, and invoice all describe the goods as steel cylinders; the suggestion that they are tubes being apparently of cis-Atlantic origin. It is clear to us that the testimony is in quantity overwhelming and in quality extremely satisfactory that in the trade which deals in tubes, tanks, and cylinders these gas tanks are in no sense bought, sold, or designated as tubes. Such being the case, we are entitled to take notice of the ordinary meaning of the word, and to resort to the dictionary as aid to the memory or understanding. Nix v. Hedden, 149 U. S. 304, 13 Sup. Ct. 881, 37 L. Ed. 745.

"This brings us to a point much urged by counsel for the importers, namely, that the definition of 'tube' given by the Standard Dictionary justifies his contention herein. The definition follows: 'A long, hollow, cylindrical body, as of wood, metal, rubber, or glass, generally used for the conveyance of something through it, but often as a receptacle for holding something.' Note Webster: 'A pipe; siphon; a canal or conduit; a hollow cylinder, either of wood, metal, or glass, used for the conveyance of fluids, and for various other purposes.' Century Dictionary: 'A pipe or hollow cylinder, especially when of small size, and used as a conduit for liquids or for containing liquids, as in some forms of scientific apparatus.' American Mechanical Dictionary: 'A metallic pipe of many kinds and uses. It would be well to call water pipes tubes, and fire pipes flues, if it were not too late to attempt careful nomenclature now. The present practice is to call them flues or tubes, according to their relatively large or small diameter, respectively.' Dr. Ure's Dictionary of Arts, Manufactures, and Mining treats of tubes exclusively as conduits for the passage of fluids and gases.

"We need not dwell further on the subject from a lexicographical viewpoint, and any comment is equally needless. The case as submitted for decision shows that the goods are not commercially or commonly known as 'tubes,' and our conclusion is that we cannot, without doing violence to common sense and understanding, hold that the articles are dutiable under the tariff provision for tubes.

"On motion of counsel for the importers, the printed transcript of the record of appeal in the Downing Case was admitted in evidence.

"Protest 186,368 is overruled, and the decision of the collector in assessing duty at the rate of 45 per cent. is affirmed."

D. Frank Lloyd, Asst. U. S. Atty.
Everit Brown, for appellees.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The decision of the Circuit Court is affirmed, following Downing v. U. S. (C. C.) 99 Fed. 423, U. S. v. Downing, 105 Fed. 1005, 44 C. C. A. 686, and U. S. v. Liquid Carbonic Co., 160 Fed. 455, 87 C. C. A. 671.